IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOROTHY B. WALTHER,
and
HOWARD WALTHER,

     Plaintiffs,

v.                           CASE NO. 6:13-cv-472-Orl-37GJK

                                     JURY DEMANDED

ROBERT MCINTOSH ESQ.,
STENSTROM MCINTOSH, ET.AL, P.A.,
STEVEN KANE, ESQ., AND
KANE & KOLTUN, Attorneys at Law

     Defendants.
_____/

## AMENDED[1] COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

     Dorothy B. Walther, and Howard Walther, Plaintiffs, make the following allegations against the Defendants which satisfy this court's jurisdiction pursuant to 28 U.S.C Section 1332 (a) (1):

1.     Dorothy B. Walther and Howard Walther are the named Plaintiffs in this action.

2.     Dorothy B. Walther and Howard Walther are both over the age of 21 and are mentally competent.

---

[1] This Amended Complaint is being filed per the Court's Order dated March 25, 2013.

1

3.    Dorothy B Walther is a U.S. citizen.

4.    Dorothy B. Walther, is now, and has been a citizen of the State of California.  Dorothy B. Walther is domiciled in Santa Barbara County, California.

5.    Howard Walther is a U.S. citizen.

6.    Howard Walther, is now, and has been a citizen of the State of California.  Howard Walther is domiciled in Santa Barbara County, California.

7.    Defendant Robert McIntosh, Esq.,  is now, and at all times relevant to this action, has been a citizen of the State of Florida.  Robert McIntosh, Esq., maintains both his primary business and his home in Seminole County,  Lake Mary, Florida, where he is domiciled.

8.    Defendant STENSTROM McINTOSH ET. AL., P.A. is a Florida Corporation with its principal place of business in Seminole County, Lake Mary, Florida, 32746.

9.    Defendant Steven Kane Esq., is now, and at all times relevant to this action, has been a citizen of the State of Florida.  Steven Kane Esq. maintains both his primary business and his home in Florida, where he is domiciled.

10.      Defendant KANE and KOLTUN, Attorneys at Law, is a Florida Corporation with its principal place of business in Florida 32751.

## JURISDICTION AND VENUE

11.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. sec.1332(a) because both Plaintiff's, Dorothy B. Walther and Howard Walther, are citizens of the State of California and each of the Defendants, Robert McIntosh, Esq., STENSTROM McINTOSH ET. AL., P.A, Steven Kane Esq., and KANE and KOLTUN, Attorneys at Law, are citizens of the State of Florida, and the amount in controversy, exclusive of interest and cost, exceeds $75,000.00, the minimum jurisdictional amount in this court.

12.      Venue is also appropriate in Middle District of Florida because this is the judicial district in which the claims and acts complained of arose.

13.      The act constituting the violation of state and common law complained of herein have occurred, and unless restrained and enjoined or otherwise redressed will continue in Seminole County, and/or Orange County, and in the State of Florida.

## BACKGROUND

14. Plaintiff, Dorothy B. Walther is the income beneficiary of the James Walther Revocable Life Insurance Trust, dated April 24, 1953, hereinafter referred to as "the trust." In fact, the trust provides for the support and well being of Dorothy B. Walther during her lifetime, even to the detriment and exclusion of any contemplated contingent or remainder man beneficiary. A copy of this is Exhibit 1.

15. Plaintiff Howard Walther is a contingent, remainder men beneficiary of the same trust.

16. Patrick Walther has been the sole trustee of the trust since some time in 1994.

17. Plaintiffs, in or about January 2010, filed a Petition for Removal and Surcharge in Seminole County, Florida, under case number 2010-CP-0173, seeking, among other things, to remove Patrick Walther as the trustee of said trust.

18. The referred to State Action charges Patrick Walther with violations of Florida Statute 736.0802, which allows the beneficiaries of a trust to remove the trustee if there is a reasonable basis to conclude that the trustee has breached his fiduciary

4

responsibilities to the trust and/or the beneficiaries of that trust, see specifically 736.0802(10). The breaches alleged in that action have occurred over the years and include, but are not limited to, not filing annual accountings for over 17 years as required by Florida Statute and taking excessive trustee's fees. In fact "The Trust" has never had an accounting filed before the state litigation.

19. Patrick Walther, in his capacity as trustee, has transferred to himself, either in his capacity as trustee or as an individual, as well as to his older brother, Robert Walther and/or his family members, (also citizens of the State of Florida) amounts in excess of seven hundred two thousand dollars ($702,000.00). These transfers violate Florida Statute 736.0802, in that the amounts cannot be supported by any provision within the trust documents, and they deny Dorothy B. Walther, the sole income beneficiary of the trust, distributions that should have been made to her. Furthermore, these distributions were made to Patrick and/or Robert Walther for their use and benefit, violating Patrick Walther's fiduciary responsibilities as set forth in the trust.

20. Additionally, Patrick Walther has failed to make and provide annual accountings for the trust (until such time in 2010 as the

Florida Court ordered him to do so) to the plaintiffs; thereby denying the plaintiffs of an opportunity to discover the trustee's breaches of fiduciary responsibilities and obligations.

21. In late 2009, Patrick Walther refused to release mandatory income payments to Dorothy B. Walther, the sole income beneficiary of the trust.

22. The trust provides that the trustee is to be compensated at the rate of five percent (5%) of the gross annual income of the Trust. Patrick Walther's payments to himself as trustee's fees far exceed that amount in a manner that is both shocking and abhorrent.

23. Patrick Walther was informed by plaintiffs of their intent to sue him for these breeches in October 2009, at which time Patrick Walther transferred to himself certain funds from the trust for purposes of retaining an attorney, Steven Kane. Neither Patrick Walther nor Steven Kane informed the plaintiffs that funds were being taken from the trust to benefit Patrick Walther, as is required by the trust and Florida Statute, but rather began paying the Firm of Kane and Koltun, P.A without first giving the plaintiffs notice or opportunity to object to this inappropriate use of trust funds, violating the trust provisions and the Florida Statutes.

24. Steven Kane and his law firm, Kane and Koltun, P.A., have acted as the attorneys for Patrick Walther as trustee of the trust, for Patrick Walther individually and for the trust since sometime in October 2009. Stephen Kane and his law firm, Kane and Koltun, P.A., allowed Patrick Walther to succeed to $702,000.00, and more, for Patrick, from the trust account, and for paying his lawyers, Stephen Kane and Kane and Koltun, P.A.

25. In February 2010, plaintiffs moved the Florida Court to remove Patrick Walther as trustee and to distribute income payments due to Dorothy B. Walther.

26. Attorney Steven Kane then sent a letter to counsel for plaintiffs dated March 3, 2010, informing them that he **intended** (emphasis added) to pay himself from the trust. Said letter coming after the acceptance of funds from the trust rendering those payments improper and impermissible.

27. In fact, payments from the trust to Mr. Kane and his firm had been made since October of 2009. Mr. Kane was aware that these payments were coming from the trust and did not inform Dorothy B. Walther, that Patrick Walther took those funds from the trust (but nonetheless Patrick received such funds) and converted them

7

to the use or benefit of himself, his firm, and Patrick Walther, to the detriment of Dorothy B. Walther and to Howard Walther.

28.    Plaintiffs further state, upon information and belief, that on or about March 10, 2010, Steven Kane did submit to the Florida Court an order Appointing Temporary Co-Trustee; that said order contained within it a paragraph identified as, "paragraph 6,"(See Exhibit 2) that allowed Mr. Kane and his firm to be paid from the trust; and that "paragraph 6" had been inserted into the order without first providing notice to plaintiff's attorney, despite Mr. Kane's characterization that this order had been agreed to by the parties.  The funds that continue to be taken from the trust pursuant to "paragraph 6" are being done so to the detriment of the income beneficiary and contrary to Mr. Kane's fiduciary obligations as attorney for the trust to Dorothy B. Walther.

29.    In addition to the provisions of "paragraph 6", this order appointed Robert McIntosh as temporary co-trustee and granted him the power to determine, after his investigation as set forth in the order, the appropriateness and amount of any distributions to Dorothy B. Walther.

30.   Upon information and belief, Mr. McIntosh as co-trustee did not obtain the required Florida state bond necessary to act as a fiduciary. Upon information and belief, Patrick Walther did not obtain the required Florida state bond necessary to act as the fiduciary.

31.   The funds being paid out of the trust pursuant to "paragraph 6", was a ground for removing Patrick from his position as trustee because he engaged in self-dealing and corruption, see 736.0802 (10) (b) (2011). Mr. Kane and his law firm were already prepared to act upon it to pay money from the trust fund to Patrick and themselves (who received trust funds for their costs of defense), and to provide a detriment to the plaintiffs.

32.   Shortly thereafter, after being appointed as a co-trustee, Mr. McIntosh traveled to California to meet with plaintiffs and other members of their family for purposes of carrying out the investigation set forth in the above discussed order.

33.   According to Mr. McIntosh's Affidavit of Costs and Fees and his written statement to the court dated April 13, 2010, the meetings in California covered two (2) days and thirteen (13) hours, and he reviewed financial and medical records of Dorothy B. Walther and

concluded that she was healthy, competent, not under undue influence and in good care. McIntosh also determined that she both understood and authorized the litigation, and that she was entitled to her full income distributions. This letter is attached as Exhibit 3.

34. However, and in contrast to his duties as a co-trustee, Mr. McIntosh did not report on Patrick Walther's handling of the trust in his written report, which is the opposite of what the court told Mr. McIntosh to do. See his written statement to the Court dated April 13, 2010. Given that there were approximately twenty (20) checks in that account, and about seven (7) checks regarding the distribution of some $702,000.00 to Patrick Walther or to Robert Walther or members of his family, this was an easy and obvious manner for Mr. McIntosh to report those differences to the court. This did not follow Mr. McIntosh's ability to honestly and truthfully report to the court. These failures of Mr. McIntosh did not create a record that would allow for the removal of Patrick Walther as trustee. As a trustee, Patrick Walther continued to deprive the trust of money, and Patrick Walther did not repay to

Dorothy B. Walther the sums of money which he had taken from the trust, some $702,000.00.

35.     Also absent from Mr. McIntosh's report was any mention of the revelation of facts to him (while he was in California meeting with the Walther family) that concern allegations of nursing home abuse against Dorothy B. Walther or of the physical abuse of her by her son, Patrick Walther. Additionally, the report was silent as to the deliberate financial problems caused for Dorothy B. Walther by Patrick Walther, all of which were specifically reported in California to Mr. McIntosh prior to his drafting and submission of his written report to the court. As a trustee, Patrick Walther continued to deprive the trust of money and Patrick Walther did not repay to Dorothy B. Walther the sums of money which he had taken from the trust, some $702,000.00.

36.     Furthermore, and to the shock and dismay of plaintiffs and plaintiffs' family, who were present at the meetings in California, and despite Mr. McIntosh's spending of 13 hours in California, the disclosures made to him of Patrick Walther's treatment of Dorothy B. Walther and the entire family's presentation of financial and medical records to Mr. McIntosh, and in contradiction to his own

written report to the court, when Mr. McIntosh testified in court at a subsequent hearing and inaccurately stated that he had not reviewed or received any records, and Mr. McIntosh also inaccurately stated that Dorothy B. Walther had not presented these records to him. As a trustee, Patrick Walther continued to deprive the trust of money and Patrick Walther did not repay to Dorothy B. Walther the sums of money which he had taken from the trust, some $702,000.00.

37. In providing this misinformation to the court, Mr. McIntosh answered the questions of Mr. Kane, and did not refer to his own memory of Patrick Walther's malfeasance with respect to the use of trust funds, nor did he refer to those statements made in his written report to the court. Upon information and belief, Mr. McIntosh and Attorney Kane conferred about the nature of this testimony and agreed upon the content thereof prior to Mr. McIntosh's testimony. This wrongfully deprived Dorothy B. Walther of the use of her own trust money and required her to spend this money on this case and on other trust related issues.

38. Also upon information and belief, McIntosh met with Patrick Walther, possibly with Mr. Kane being present, prior to his trip to

California. It is in this meeting that information was given to Mr. McIntosh leading him to believe that Dorothy Walther needed to be in a nursing home, under the care of people other than those who were caring for her in California, that she was being placed under undue influence and that her finances should be under Patrick Walther's complete control. It is further believed that an agreement between McIntosh, Patrick Walther and/or his attorney Steven Kane, was reached regarding those expected findings. Mr. McIntosh was not able to confirm that information as is indicated in his written report to the court. However, when called to testify on the matter, Mr. McIntosh lied about Dorothy's financial and her medical records, in order to cement that Patrick Walther would maintain a continuing interest in the trust. Mr. Kane would continue in the case as if he had not participated in lying to the court when Mr. McIntosh testified accordingly. Mr. McIntosh's actions and Mr. Kane's actions, to their own benefit, deprived Dorothy B. Walther of her financial interests in the trust.

39. On or about July 11, 2011, Mr. McIntosh moved for his own discharge as co-trustee. The Court granted that motion leaving Patrick Walther as the sole trustee of the trust. Patrick Walther had

not been required by the Court to justify the appropriateness of his actions, and he continues to disregard the fiduciary duties he owes the trust and his mother, Dorothy B. Walther as beneficiary thereof. Patrick Walther also continues to mishandle this trust. His ability to do so is because of the breaches of fiduciary duties to Dorothy B. Walther which kept Patrick Walther in office and which deprived Dorothy B. Walther of her financial interests in the trust.

40. To date, Patrick Walther has not met his burden of showing the validity of each of his transactions in the trust and has not met his burden of demonstrating the validity of each of his transactions or his expenditures in the trust. Mr. McIntosh failed to tell this to the Court as the order appointing him as a co-trustee obligated him; in fact, Mr. McIntosh has failed to correct these misstatements of fact at every opportunity to do so.

41. Upon information and belief, Mr. McIntosh's act of not reporting Patrick Walther's misbehavior as a trustee to the court were done, in part, pursuant to his agreement with Mr. Kane and his law firm to not mention these facts to the court.

42.     These same actions by Mr. McIntosh constitute a breach of his duties as a co-trustee to plaintiffs and his duties as a fiduciary to the plaintiffs. They violate his duties to be loyal and honest to plaintiffs, which led to plaintiff's injuries and damages, each in excess of $75,000.00 to each plaintiff.

43.     The actions of Mr. Kane and his law firm, and Mr. McIntosh and his law firm, have allowed Patrick Walther to take money from the trust, at least seven hundred two thousand dollars ($702,000.00), to which he was not entitled, and which he should have paid back to the trust. Further, these defendants' actions have allowed Patrick Walther to pay additional trust funds to Mr. Kane and his law firm in breach of his fiduciary duties and obligations to the plaintiffs and the trust. And, to this day, Patrick Walther is still the sole trustee.

44.     In connection with Mr. Kane's representation of Patrick, and knowing about and advising Patrick in violating plaintiff's rights, Mr. Kane:

        A.      Reached an agreement with Mr. McIntosh to assist Patrick Walther to appropriate Dorothy B. Walther's assets from the trust;

B.          Paid his law firm money from the "trust" that Patrick
            Walther did not timely inform all other beneficiaries
            about;

C.          He fraudulently inserted "paragraph 6" into the order
            of about March 10, 2010, allowing additional funds to
            be taken from the trust;

D.          Since at least October 2009, in consultation and
            consort with Patrick Walther, intended that Dorothy's
            money from the trust be appropriated by Patrick.

E.          Deprived each of the plaintiffs in excess of
            $75,000.00

45.    Also upon information and belief, Mr. McIntosh was brought into
       the probate case to tell this "lie" to the court and to present to the
       court, if he could, that Dorothy Walther was in frail health and had
       no ability to care for herself.  Mr. McIntosh was planning on
       instituting a guardianship over Dorothy B. Walther, wherein she
       would lose her ability to control her own assets.  Patrick Walther
       would benefit from this by being allowed to take full control of
       Dorothy B. Walther's assets, and Mr. McIntosh would further

benefit from the assets of the trust if he were allowed to establish a guardianship over Dorothy B. Walther.

46.     Upon his return from the meetings in California, Mr. McIntosh could not "lie" about Dorothy's heath.  However, Mr. McIntosh did participate with and support Patrick Walther, Mr. Kane and his law firm to misinform the court about Dorothy B. Walther's financial and medical records, thereby keeping Patrick Walther in charge of the trust, and being entitled to keep all of the assets out of the trust for his own pocket.

## CAUSES OF ACTION

## COUNT I AGAINST ROBERT MCINTOSH, ESQ.

## (BREACH OF FIDUCIARY DUTIES-TRUSTEE)

47.     Plaintiffs herein re-allege and incorporate, by reference, the allegations set forth in paragraphs one (1) through forty-six (46) as if fully stated herein, and state the following facts that substantiate certain causes of action and damages against Robert McIntosh.

48.     Mr. McIntosh was appointed by the Honorable Judge John D. Galluzo as co-trustee of the trust on or about March 10, 2010.  Mr. McIntosh accepted this appointment despite the fact that his

qualifications to act as co-trustee and to monitor the financial transactions of the trust may have been lacking.

49.    From that date until such time as he was discharged, Mr. McIntosh owed the duty of care and fiduciary responsibility as a trustee to Dorothy B. Walther and all other named plaintiffs, and he was compensated from the trust for such services.

50.    Mr. McIntosh, in violation of his appointment as co-trustee for the trust, failed to report the other trustee['s], Patrick Walther's, abuses of the trust, his physical abuse of the sole income beneficiary, the unfounded seeking of a guardianship over Dorothy Walther with the use of trust funds, as well as Patrick Walther's repeated acts of malfeasance toward Dorothy Walther, his payment of funds from the trust to himself and others, where those payments violated the terms of the trust, all allowing Patrick Walther to continue as a trustee of the trust and to damage the beneficiaries and the trust corpus.

51.    The actions of Mr. McIntosh set forth above in paragraph 50 showed that there is a reasonable basis to recover punitive damages. Mr. McIntosh engaged in intentional misconduct and in gross negligence. Mr. McIntosh had actual knowledge of the

wrongfulness of his conduct in dealing with Dorothy B. Walther and in dealing with the court in Seminole County and that such conduct would have injured and damaged Dorothy B. Walther. Defendant nonetheless pursued such conduct, to the harm of Dorothy B. Walther. Mr. McIntosh's conduct showed a disregard or indifference to the safety or rights of Dorothy B. Walther. Mr. McIntosh intended for Dorothy B. Walther to enter into a guardianship. That failing, he did not tell the truth to the Court about Patrick Walther's misconduct as a trustee. His actions caused her the loss of a substantial sum of money, in the civil action, of more than $75,000.00, and, additionally, under this claim, a substantial sum against him for a claim of punitive damages.

52. Furthermore, Mr. McIntosh's actions and inactions violated his duty of candor to the court as well as his duties to Dorothy B. Walther and to Howard Walther, allowing Patrick Walther to continue as trustee without reporting to the court Patrick Walther's violations of the trust agreement, all to the plaintiff's injury and damages.

53. Mr. McIntosh's violation of his fiduciary duties and obligations to the trust and the beneficiaries, his failure to report to the court or to

notify the other beneficiaries of the inconsistencies of Patrick Walther's actions as trustee and his documented, knowing and intentional violation of his ongoing duty of candor to the court take him outside the scope of his appointment as co-trustee.

54. As such, plaintiffs seek from Mr. McIntosh all payments to him as a co-trustee, damages suffered by Dorothy B. Walther as the beneficiary of the trust, which should, in the normal course of justice, had been returned to Dorothy B. Walther or to the trust corpus, and that damages should be awarded to her personally.

WHEREFORE, plaintiffs sue Mr. McIntosh for breach of his duties as a trustee, for an amount in excess of Seventy-Five Thousand ($75,000.00), for punitive damages, for attorney fees, for interest, for costs, and such other and further relief in Plaintiff's favor as the Court deems just.

## COUNT II AGAINST STENSTROM McINTOSH, ET.AL., P.A.
## BREACH OF FIDUCIARY DUTIES-*RESPONDEAT SUPERIOR*

55. Plaintiffs herein re-allege and incorporate, by reference, the allegations set forth in paragraphs one (1) through fifty-four (54) as if fully stated herein, and state the following facts that substantiate

certain causes of action and damages against McIntosh, Stenstrom, et. al., P.A.

56.     Mr. McIntosh owed fiduciary duties to Dorothy B. Walther, the other beneficiaries of the trust, and all other plaintiffs as they are beneficiaries of the trust and are owed, among other duties, the duty of a fair and accurate reporting of the actions of Patrick Walther and of Mr. McIntosh with respect to their function as trustee and co-trustee of the trust.

57.     At all such times relevant to the claims contained within and alleged in this complaint, Mr. McIntosh was employed by McIntosh, Stenstrom, et. al., P.A., and operated as a partner and/or employee of said law firm.

58.     The law firm owes, by reason of *respondeat superior,* and reason of well-established agency principles, owes plaintiffs for the breaches of the trust agreement, the order appointing co-trustee and all other malfeasance, either through the actions or inactions of Mr. McIntosh as though they themselves committed same.

59.     McIntosh, Stenstrom, et. al, P.A. actively and knowingly participated in Mr. McIntosh's conduct, see Count I, above, and paragraph 50 above, ratified such conduct and/or contributed to the

damages suffered by Dorothy B. Walther, as the beneficiary of the trust and as damages suffered by her personally, and is subject to a claim for punitive damages.

WHEREFORE, plaintiffs sue McIntosh, Stenstrom, et. al., P.A., for breach of Mr. McIntosh's duties as a trustee, for an amount in excess of Seventy-Five Thousand dollars ($75,000.00), for punitive damages, for attorney fees, for interest, for costs, and such other and further relief in Plaintiff's favor as the Court deems just.

## COUNT III AGAINST STEVEN KANE, ESQ.,

## (BREACH OF FIDUCIARY DUTIES)

60. Plaintiffs herein re-allege and incorporate, by reference, the allegations set forth in paragraphs one (1) through forty-six (46) as if fully stated herein, and state the following facts that substantiate certain causes of action and damages against Steven Kane.

61. Patrick Walther, as trustee, and Mr. Kane owed plaintiffs the duty to render true and honest accountings regarding the activities and transactions of the trust. They deliberately failed to do so.

62. Mr. Kane committed acts of disloyalty to Dorothy B. Walther, to the trust, to the beneficiaries of the trust and to the plaintiffs, including but not limited to, seeking a guardianship over her and

working with the trustee, Patrick Walther, as well as with Mr.

McIntosh to deny the trust benefits to Dorothy B. Walther, putting

in to the Court's Order dated March 10, 2010, "paragraph 6" which

provided benefits to Patrick Walther and to Mr. Kane even though

they had been paid to him since October 2009 with Mr. Kane's

knowledge and without noticing Dorothy B. Walther, without

disclosing that fact to the court and without giving notice to the

beneficiaries of the trust. All of the above resulted in financial

injury to plaintiffs and specifically to Dorothy B. Walther. Mr.

Kane made no effort to disclose these matters, but rather,

concealed and disguised these efforts to obtain impermissible

funds from the trust.

63.    Further, Mr. Kane did not timely advise plaintiffs of the financial

actions taken in detriment to Dorothy B. Walther, the plaintiffs and

beneficiaries of the trust, beginning in October 2009, in time for

plaintiffs to apply to the court and get a hearing to prevent further

funds from the trust being delivered to Patrick Walther, and

ultimately Mr. Kane, for the defense of breaches of fiduciary

obligations against the trust. This action deprived Dorothy B.

Walther, plaintiffs and the beneficiaries of this interest, which is

theirs by the Florida Statutes. All funds paid to Mr. Kane from October 2009 forward from the trust, are owed by Mr. Kane to the trust and to plaintiffs for a breach of a fiduciary duty.

64. The actions of Mr. Kane set forth above in Count III and in paragraphs 62-63 showed that there is a reasonable basis to recover punitive damages. Mr. Kane engaged in intentional misconduct and in gross negligence. Mr. Kane had actual knowledge of the wrongfulness of his conduct in dealing with Dorothy B. Walther and in dealing with the court in Seminole County, by presenting false testimony from Mr. McIntosh, and that such conduct would have injured and damaged Dorothy B. Walther. Defendant nonetheless pursued such conduct, to the harm of Dorothy B. Walther. Mr. Kane's conduct showed a disregard or indifference to the safety or rights of Dorothy B. Walther. Mr. Kane intended for Dorothy B. Walther to enter into a guardianship and agreed, if possible, with Mr. McIntosh to accomplish this. That failing, Mr. Kane persuaded Mr. McIntosh to not tell the truth to the Court about Patrick Walther's misconduct as a trustee and about Dorothy B. Walther's financial terms. His actions caused her as the beneficiary of the trust, and personally, the loss of a substantial

sum of money, in the civil action, of more than $75,000.00, as the beneficiary of the trust and personally; and, additionally, under this claim, a substantial sum against him for a claim of punitive damages.

WHEREFORE, plaintiff sues Mr. Kane for breach of his duties as a attorney for the trust and attorney for the trustee, for an amount in excess of Seventy-Five Thousand dollars ($75,000.00), for punitive damages, for attorney fees, for interest, for costs, and such other and further relief in Plaintiff's favor as the Court deems just.

## COUNT IV AGAINST KANE AND KOLTUN, P.A.

## BREACH OF FIDUCIARY DUTIES-*RESPONDEAT SUPERIOR*

65. Plaintiffs herein re-allege and incorporate by reference the allegations set forth in paragraphs one (1) through forty-six (46), and paragraphs sixty (60) through sixty-four (64) as if fully stated herein, and state the following facts that substantiate certain causes of action and damages against the law firm, Kane and Koltun, P.A.

66. Mr. Kane owed fiduciary duties to Dorothy B. Walther, to Howard Walther, and therefore owed the duty of fair and accurate reports or accountings of the actions of Patrick Walther and of Mr. McIntosh, as well as the activities and transactions of the trust.

25

67. Kane and Koltun, P.A., owed Dorothy B. Walther, all beneficiaries of the trust, and the plaintiffs, the duty to report their financial arrangements with Patrick Walther from October 2009 forward, and to then advise them that trust funds were being spent to defend Patrick Walther for his personal actions in violation of the terms of the trust. The law firm failed to do so.

68. At all such times relevant to the claims and allegations within this complaint, Mr. Kane was employed by Kane and Koltun, P.A., and operated as a partner and/or employee of said law firm.

69. The law firm owes, by reason of *respondeat superior,* and by reason of well-established agency principles, plaintiffs for the breaches of the trust agreement, the misappropriation of trust funds and all other malfeasance, either through the actions or inactions of Mr. Kane as though they themselves committed same, damages in excess of $75,000.00 each.

70. Kane and Koltun, P.A. actively and knowingly participated in Mr. McIntosh's conduct, see Count III, above, and paragraphs 62-63 above, ratified such conduct and/or contributed to the damages suffered by Dorothy B. Walther, as the beneficiary of the trust and personally, and is subject to a claim for punitive damages.

WHEREFORE, plaintiffs sue Kane and Koltun, P.A., for breaches of Mr. Kane's duties as attorney for the trust and attorney for the trustee, for an amount in excess of Seventy-Five Thousand dollars ($75,000.00), for punitive damages, for attorney fees, for interest, for costs, and such other and further relief in Plaintiff's favor as the Court deems just.

## JURY DEMAND

Plaintiff's hereby request a trial by jury on each and every factual and legal matter in this case as permitted.

**Dated:** 4/8/13

John V. Colvin, Esq.
MooneyColvin, P.I.
20 North Orange Avenue
Suite 1307
Orlando, Florida 32802-2569
407.648.2889
407.648.2886 (Facsimile)
Counsel in the Middle District of Florida