EXHIBIT

2

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY,
FLORIDA

CASE NO.: 2010-CP-173

HOWARD WALTHER, and KATHARINE BAIN,
as Attorneys in Fact for DOROTHY B. WALTHER,

PLAINTIFFS

vs.

PATRICK B. WALTHER, individually and
as the Trustee of the James Walther
Revocable Life Insurance Trust dated April
24, 1953, and ROBERT WALTHER, and
RICHARD WALTHER, as contingent
beneficiaries

DEFENDANTS.



## AGREED ORDER APPOINTING TEMPORARY CO-TRUSTEE

THIS CAUSE, having come before this Court on:

1. Plaintiff/Petitioners' Emergency Motion to Suspend Patrick B. Walther as the Trustee of the James Walther Revocable Life Insurance Trust Agreement, and to Appoint a Temporary Successor Trustee; and

2. Plaintiff/Petitioners' Emergency Motion to Compel Patrick B. Walther, the Trustee of the James Walther Revocable Life Insurance Trust Agreement, to Distribute Income,

and the Court having considered the arguments of Counsel, being otherwise fully advised in the premises and the parties' agreement to this Order, it is thereupon

ORDERED AND ADJUDGED that:

1. The Emergency Motion to Suspend Patrick B. Walther as the Trustee of the James Walther Revocable Life Insurance Trust Agreement, and to Appoint a Temporary Successor

1

Trustee, and Emergency Motion to Compel Patrick B. Walther, the Trustee of the James Walther Revocable Life Insurance Trust Agreement, to Distribute Income are GRANTED IN PART AND DENIED IN PART, without prejudice, as set forth in this Order.

2. The Court hereby appoints Robert McIntosh, Esquire of the law firm Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., 1001 Heathrow Park Lane, Suite 4001, Lake Mary, Florida, FL 32746, to serve as Temporary Co-Trustee of the James Walther Revocable Life Insurance Trust Agreement, dated April 24, 1953 (the "Trust").

2. This appointment of Mr. McIntosh shall remain in full force and effect through and including the time that a full evidentiary hearing is conducted in this matter or until further Order of the Court.

3. Within five (5) business days from the date of this Order, a check from the Trust payable to the "Trust Account of Griffin & Linder," in the sum of $10,000.00 shall be provided to counsel for Plaintiffs. This sum shall be used to provide reasonable and necessary living expenses for Dorothy Walther for the next thirty (30) days. Thereafter, Plaintiffs may provide third party invoices to the co-Trustees for direct payment of Dorothy Walther's medical expenses, utilities, and other reasonable living expenses. Upon conducting his investigation, as set forth below, Mr. McIntosh shall have final authority to determine the appropriateness and amount of any and all distributions to Dorothy Walther.

4. In carrying out his duties as a court-appointed co-Trustee, Mr. McIntosh shall conduct an independent investigation of the facts at issue in this lawsuit and perform the following duties:

    a. Mr. McIntosh shall review such of Dorothy Walther's financial records as he shall deem necessary or appropriate, including without limitation her bank and brokerage

2

statements, checking account ledgers, cancelled checks, credit card statements, real estate holdings, tax returns and any other financial records he shall deem relevant. Mr. McIntosh shall also review such of the records of the James Walther Trust B's financial records as he shall deem necessary or appropriate, including without limitation bank and brokerage statements, checking account ledgers, cancelled checks, tax returns and any other financial records as he shall deem relevant. All parties shall cooperate in this investigation to the fullest extent possible and shall provide Mr. McIntosh with access to any and all financial records in their possession.

b. Mr. McIntosh shall meet with, and obtain any information deemed necessary or appropriate from Dorothy Walther, Howard Walther, Katharine Bain, Patrick Walther, Valerie Jones, Robert Walther, Richard Walther, physicians and medical providers to Dorothy Walther, and any other persons who may be witnesses to the events at issue in this lawsuit.

c. Plaintiffs shall provide Mr. McIntosh with information concerning the present whereabouts and contact information for Dorothy Walther. Plaintiffs shall allow Mr. McIntosh to meet privately with Dorothy Walther in California and shall allow Mr. McIntosh access to all of Dorothy Walther's financial records which are contained in her home in Seminole County, Florida.

d. Plaintiffs shall provide Mr. McIntosh with any and all medical records, medical billings, physician and medical provider reports related to Dorothy Walther's general health and competency. This Order shall serve as Mr. McIntosh's express authorization to: i) obtain medical records concerning Dorothy Walther, including without limitation, records concerning any mental or neurological examination, from any medical provider and ii) order such mental or neurological examinations as he deems necessary or appropriate.

3

e. Mr. McIntosh shall investigate and report on all gifts made by Dorothy Walther for the years 2007 to present, including all allegations of undue influence, active procurement, breach of fiduciary duty, and exploitation of a vulnerable adult which are the subject of the litigation filed in the Circuit Court of Seminole County.

f. All parties shall produce copies of all documents provided to Mr. McIntosh to all other parties in this action.

g. Trust Accountings for the years 2000 to 2009 shall be provided by Patrick Walther to Mr. McIntosh and all other interested parties within ten (10) business days from the date of this Order.

h. Mr. McIntosh shall submit to the Court an independent report concerning his findings regarding the facts of this case.

5. Trustee fees and costs shall be paid to Patrick Walther and/or Mr. McIntosh at such times and in such amounts as approved by the Court or as otherwise agreed upon by the parties. The Court may assess such fees and costs against the residual Trust interest of any non-prevailing party or parties to this lawsuit, and will reserve ruling in this regard.

6. Patrick Walther shall serve as co-Trustee along with Mr. McIntosh. Investment decisions and disbursements of the Trust shall be determined jointly by Patrick Walther and Mr. McIntosh. Patrick Walther shall be entitled to use trust funds for the costs of his legal defense of the current action for breach of trust in accordance with the provisions of Florida Statute Section 736.0802(10).

SIGNATURE APPEARS ON FOLLOWING PAGE

DONE AND ORDERED in Chambers at Polk County, Florida, this 2nd day of February 2009.

MWA

_____
John D. Galluzzo
Circuit Court Judge

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing AGREED ORDER APPOINTING TEMPORARY CO-TRUSTEE was forwarded via _____ /U. S. Mail to: Paul Linder, Esquire, Attorney for Plaintiff, Griffin & Linder, P.A., 28 East Washington Street, Orlando, Florida 32801, Steve Kane, Esquire, Kane & Kolton, 557 North Wymore Road, Suite 100, Maitland, FL 32751, and on Richard Geller, Esquire, Fishback Dominick, 1947 Lee Road, Winter Park, FL 32789, on this _____ day of February, 2010.

_____
Judicial Assistant