**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DOROTHY B. WALTHER; and
HOWARD WALTHER,

    Plaintiffs,

v.                                                Case No. 6:13-cv-472-Orl-37GJK

ROBERT MCINTOSH, ESQ.;
STENSTROM MCINTOSH, ET AL.,
P.A.; STEVEN KANE, ESQ.; and KANE
& KOLTUN, Attorneys at Law,

    Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Amended Request for Judicial Notice (Doc. 19), filed May 14, 2013;

2. Plaintiffs' Response to Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Request for Judicial Notice (Doc. 29), filed May 28, 2013;

3. Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Reply to Plaintiffs' Response to Defendants' Amended Request for Judicial Notice and Incorporated Memorandum of Law (Doc. 36), filed June 14, 2013;

4. Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Motion for Summary Judgment and

        Alternatively Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 17), filed May 13, 2013;

5.   Plaintiffs' Response to Defendants['] Motion for Summary Judgment or, in the Alternative, a Motion to Dismiss (Doc. 28), filed May 28, 2013; and

6.   Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment and Alternatively Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 35), filed June 14, 2013.

## BACKGROUND

Dorothy B. Walther is the income beneficiary of the James Walther Revocable Life Insurance Trust. (Doc. 5, ¶ 14.) Howard Walther, her son, is a contingent remainderman beneficiary of the Trust. (*Id.*) These Plaintiffs brought suit in state court to remove the trustee, Patrick Walther, another of Dorothy Walther's sons. (*Id.* ¶¶ 15–16.) Defendant Steven Kane, an attorney at Defendant Kane & Koltun, represented Patrick Walther in that suit. (*Id.* ¶ 23.) In need of an impartial assessment of the situation, the state court judge, John D. Galluzzo, appointed Defendant Robert McIntosh, an attorney at Defendant Stenstrom, McIntosh et al., P.A. as temporary co-trustee of the Trust. (Doc. 17-4.) McIntosh had not sought appointment and was a stranger to the litigation. Plaintiffs allege that McIntosh misrepresented information to the state court, conspired with Kane, and failed to report alleged elder abuse committed by Patrick Walther against Dorothy Walther. (*Id.* ¶¶ 35–39, 43–45.) Plaintiffs claim breach of fiduciary duties. (*Id.* ¶¶ 46–69.)

McIntosh and his firm (hereinafter "Defendants")[1] moved for summary judgment or alternatively to dismiss. (Docs. 17.) They also moved the Court to take judicial notice of various state court proceedings. (Doc. 19.) Plaintiffs opposed both motions. (Docs. 28, 29.) Defendants replied. (Docs. 35, 36.)

## STANDARDS

### 1. Judicial Notice

Federal Rule of Evidence 201(b)(2) provides that the Court "may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice of what was said and what the judge ruled in another court proceeding, as such matters are not subject to reasonable dispute; however, the Court may not take judicial notice of any statements for their truth, as the veracity of statements are subject to reasonable dispute. *See Amcal Gen. Contractors, Inc. v. Ace Am. Ins. Co.*, No. CV 09-06134 DDP (RCx), 2009 WL 3398355, at *3 (C.D. Cal. Oct. 20, 2009) ("[A] court may take judicial notice of the undisputed matters of public record, i.e., the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not take judicial notice of disputed facts stated in public records for their truth.").

### 2. Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a

---

[1] For ease of reference, the Court refers only to Robert McIntosh and Stenstrom, McIntosh et al., P.A. as "Defendants," even though Steven Kane and Kane & Koltun are defendants as well.

matter of law."[2] Fed. R. Civ. P. 56(a). To defeat a motion for summary judgment, the nonmoving party must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citation omitted).

## DISCUSSION

1. **Judicial Notice**

Defendants ask the Court to take judicial notice of what occurred in the underlying state court proceedings. (Doc. 19.) The Court may take judicial notice of the undisputed record of what was said and the court's rulings in those proceedings. *See* Fed. R. Evid. 201(b)(2); *Amcal Gen. Contractors, Inc.*, 2009 WL 3398355, at *3. Plaintiffs argue that the Court may not take judicial notice of facts that are in conflict and that McIntosh's statements are contradicted by an affidavit. (Doc. 29.) However, the Court does not take judicial notice of McIntosh's statements for their truth, but merely for the fact that they were uttered. *See United States v. Am. Diversified Def., Inc.*, 702 F. Supp. 1551, 1552 (N.D. Ala. 1988) (taking judicial notice of what was said during the acceptance of a guilty plea); *Thompson v. Permanente Med. Grp., Inc.*, No. 12-cv-

---

[2] Defendants bring their motion as one for summary judgment, or alternatively, to dismiss. (Doc. 17.) Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Upon consideration, the Court finds it appropriate to treat Defendants' motion as one for summary judgment. Plaintiffs had the opportunity to file material in response, and in fact, filed six exhibits, including three affidavits, to support their response. (Docs. 17-1 to 17-6.)

01301-JST, 2013 WL 1808897, at *4 n.4 (N.D. Cal. Apr. 29, 2013) (taking judicial notice of what an individual said during a hearing based on a certified transcript, but declining to "assume the truth of any factual assertions or legal arguments made at the hearing"). Thus, Defendants' motion for judicial notice is due to be granted.

## 2. Summary Judgment

Plaintiffs allege that McIntosh breached his fiduciary duties by: (1) failing to report Patrick Walther's alleged mishandling of the Trust; (2) falsely stating that Dorothy Walther did not provide him with her medical and financial records; and (3) failing to report Patrick Walther's alleged abuse of Dorothy Walther. (Doc. 5, ¶¶ 34–36, 50–51.) Without regard to the veracity of these allegations, the Court concludes that McIntosh is entitled to judgment as a matter of law. The Court finds that McIntosh is protected by the doctrine of derived judicial immunity for his actions in the underlying state court proceedings. Additionally, even if he were not judicially immune, the Court finds that Defendants would still be entitled to summary judgment under the doctrine of litigation privilege and because there is no civil remedy for failure to report elder abuse under Florida law.

### a. Judicial Immunity

McIntosh is entitled to derived judicial immunity as an arm of the court for his actions in the underlying state court proceedings. In an analogous situation, a court-appointed bankruptcy trustee who acted under the supervision and orders of a bankruptcy judge acted as an "arm of the Court" and was entitled to derived judicial immunity. *See Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981); *cf. Gross v. Rell*, 304 Conn. 234, 253 (2012) (holding that conservators in probate court are "entitled to quasi-judicial immunity from liability for acts that are authorized or approved by the

5

Probate Court"); *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 602–04 (11th Cir. 1985) (affirming district court's order granting court-appointed receiver's motion to dismiss where receiver allegedly maliciously engaged in defamation but acted within the scope of his authority); *Boswell v. Boswell*, No. 502003CA011883XXoCAJ, 2005 WL 1020468, at *2–4 (Fla. 15th Cir. Ct. Apr. 13, 2005) (finding that an independent investigator in a shareholder derivative action was judicially immune from suit where appointed by the court and the parties did not object to his discharge). The distinction between a court-appointed bankruptcy trustee and a court-appointed co-trustee in a probate proceeding is a distinction without a difference in terms of the judicial immunity issue. Indeed, Plaintiffs cite no contrary authority, nor has the Court's own research revealed contrary authority. Plaintiffs' briefing on this issue supplies more heat than light to the inquiry.

In *Boullion*, the defendant was appointed trustee of a bankruptcy estate. 639 F.2d at 214. "All of [the defendant-trustee's] actions were approved by orders of the bankruptcy judge" and "[n]one of the orders of the bankruptcy judge were challenged by a direct appeal." *Id.* Nevertheless, the plaintiffs filed an action in federal court alleging that the trustee breached his fiduciary duties. *Id.* The U.S. Court of Appeals for the Fifth Circuit affirmed the district court's grant of summary judgment in favor of the defendant on the grounds that he was entitled to derived judicial immunity because he acted pursuant to the court's orders and his actions were approved by the court. *Id.* The Fifth Circuit noted that "[i]f the [plaintiffs] felt, as they later attempted to claim in an independent action, that the trustee and the bankruptcy judge had acted erroneously or wrongfully, they should have sought review, a course that was open to them as a matter of right." *Id.*

Here, McIntosh acted pursuant to court order, as he was a stranger to the litigation appointed by the court without objection. (Doc. 16-1, 15:22–33:21.) He investigated the state of the Trust and—pursuant to his duty to report his findings to the court—reported his findings to the court regarding how the Trust was handled, the medical and financial documents that were provided to him, and Patrick Walther's treatment of Dorothy Walther. (Doc. 16-6.) The parties were represented by counsel and had the opportunity to fully examine McIntosh regarding his representations. (Doc. 16-4, 30:10–34:4.) When Judge Galluzzo raised the issue of discharging McIntosh, the parties did not object substantively to his discharge.[3] (*Id.* at 41:20–44:23.) Finally, the ultimate decision to deny Plaintiffs' motion to remove Patrick Walther as trustee—though based on the representations of McIntosh and Plaintiffs' expert witness (*Id.* at 57:17–120:5; Doc. 16-5)—was reposed in Judge Galluzzo. (*See* Doc. 16-11.) Plaintiffs had every opportunity to challenge McIntosh's findings and report in state court, and to seek review of any order of Judge Galluzzo that they contend was influenced by the alleged misrepresentations. At all times, McIntosh was therefore acting pursuant to judicial appointment and cloaked with derived judicial immunity as an arm of the probate court.

The principles underlying the derived judicial immunity doctrine in the bankruptcy and other contexts apply with equal force here. The point is to insulate the quasi-judicial actor to avoid both "a continuing threat of subsequent litigation that could compromise the independence of the investigatory process" and "a chilling effect upon the acceptance of such roles." *Boswell*, 2005 WL 1020468, at \*2; *see also Kermit Constr.*

---

[3] Plaintiffs' counsel merely raised the issue that payment of fees should be worked out beforehand. (Doc. 16-4, 41:20–44:23.)

7

*Corp. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976) (noting that in the absence of derived judicial immunity, a court-appointed receiver would become "a lightning rod for harassing litigation aimed at judicial orders"). If court-appointed co-trustees did not enjoy derived judicial immunity for actions ordered and approved by the appointing judge, then individuals would be less inclined to take on those positions and their reporting to the court would be significantly chilled for fear of being sued. This case may be the poster child for these concerns.

The Court thus concludes that McIntosh is entitled to derived judicial immunity for his actions. Even if McIntosh were not entitled to derived judicial immunity—which he is—the Court would still find that Plaintiffs' claims do not survive summary judgment under both the doctrine of litigation privilege and Florida's elder abuse statute.

### b. Litigation Privilege

Under Florida law, absolute immunity is afforded to any statement made during the course of a judicial proceeding so long as the act has some relation to the proceeding. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). This is not to say that there is no consequence for misconduct. "On the contrary, just as [r]emedies for perjury, slander, and the like committed during judicial proceedings are left to the discipline of the courts, the bar association, and the state [through criminal prosecution], other tortious conduct occurring during litigation is equally susceptible to that same discipline." *Id.* (citations and internal quotation marks omitted). If Plaintiffs took issue with McIntosh's work pursuant to his appointment they could and should have taken up those issues with Judge Galluzzo, who had "the ability to use [his] contempt powers to vindicate [the court's] authority." *Id.* at 609 (citation omitted). As it stands, however, McIntosh's

statements are absolutely privileged in this litigation and no liability may be imposed for them.

### c. Elder Abuse

The allegations as to elder abuse are equally unavailing. To the extent that there is a factual dispute over whether McIntosh knew of the alleged abuse or whether any abuse even took place, it is not a dispute of *material* fact. Under Florida Statutes § 415.1034, a trustee has an obligation to report elder abuse. Criminal penalties attach to a failure to report. *See* Fla. Stat. § 415.111. However, civil penalties may only be imposed on the perpetrator of the abuse. *See* Fla. Stat. § 415.1111; *see also Mora v. S. Broward Hosp. Dist.*, 710 So. 2d 633, 634 (Fla. 4th DCA 1998) ("It is evident that the legislature considered both civil and criminal penalties under this statute, but subjected only actual perpetrators of abuse to civil penalties. This is strong evidence of a legislative intent not to provide a civil cause of action for victims against those who fail to report the abuse as required by this act."). Thus, McIntosh cannot be held civilly liable for failing to report alleged elder abuse against Dorothy Walther.

As McIntosh is judicially immune from suit for his actions in the underlying state court proceedings, is further protected by the doctrine of litigation privilege, and cannot be held civilly liable for a failure to report elder abuse—and as his firm was sued on the basis of respondeat superior (Doc. 5, ¶¶ 55–59)—Defendants McIntosh and Stenstrom, McIntosh et al., P.A. are entitled to judgment as a matter of law. Defendants' motion for summary judgment is therefore due to be granted. Final judgment will enter when all claims in this case are resolved.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Amended Request for Judicial Notice (Doc. 19) is **GRANTED**.

2. Defendants', Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Motion for Summary Judgment and Alternatively Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 17) is **GRANTED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 6, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record