**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DOROTHY B. WALTHER; and
HOWARD WALTHER,

      Plaintiffs,

v.                                            Case No. 6:13-cv-472-Orl-37GJK

ROBERT MCINTOSH, ESQ.;
STENSTROM MCINTOSH, ET AL.,
P.A.; STEVEN KANE, ESQ.; and KANE
& KOLTUN, Attorneys at Law,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendants' Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Memorandum of Law (Doc. 52), filed August 1, 2013;

2. Plaintiffs' Counsel's (Colvin) Briefing in Opposition to Defendants' Motion for Sanctions and Supporting Memorandum of Law (Doc. 58), filed August 14, 2013;

3. Plaintiffs' Response to Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Memorandum of Law (Doc. 59), filed August 15, 2013;

4. Plaintiffs' Counsel, Phillips P. O'Shaughnessy's Response and Opposition to Defendants' Motion for Sanctions Dated August 1, 2013 (Doc. 60), filed August 15, 2013;

5. Defendants' Reply to Plaintiffs' and Plaintiff's Counsel's Responses to

Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. 63), filed August 29, 2013; and

6. Defendants', Robert McIntosh and Stenstrom McIntosh, et al., P.A., Motion to Determine Amount of Taxable Fees (Doc. 76), filed September 6, 2013.

For the reasons set forth below, the Court will grant both motions.

## BACKGROUND

Dorothy B. Walther is the income beneficiary of the James Walther Revocable Life Insurance Trust. (Doc. 5, ¶ 14.) Howard Walther, her son, is a contingent remainderman beneficiary of the Trust. (*Id.*) These Plaintiffs[1] brought suit in state court to remove the trustee, Patrick Walther, another of Dorothy Walther's sons. (*Id.* ¶¶ 15–16.) In need of an impartial assessment of the situation, the state court judge, John D. Galluzzo, appointed Defendant Robert McIntosh, an attorney at Defendant Stenstrom, McIntosh et al., P.A. ("Defendants"),[2] as temporary co-trustee. (Doc. 17-4.)

Mr. McIntosh had not sought appointment and was appointed without objection. (Doc. 16-1, 15:22–33:21.) He investigated the state of the Trust and reported his findings to Judge Galluzzo. (Doc. 16-6.) Plaintiffs were represented by counsel[3] and had the opportunity to fully examine Mr. McIntosh regarding his findings. (Doc. 16-4,

---

[1] In the underlying state court proceeding, Dorothy Walther, with Howard Walther and Katherine Bain Walther as her attorneys in fact, brought suit. (*See* Doc. 16-11.) Dorothy Walther and Howard Walther are Plaintiffs in this case. (Doc. 5.) Katherine Walther Bain was formally a plaintiff in this case (Doc. 1) but is no longer one (*see* Doc. 5).

[2] For ease of reference, the Court refers only to Robert McIntosh and Stenstrom, McIntosh et al., P.A. as "Defendants," even though Steven Kane and Kane & Koltun are defendants as well.

[3] Plaintiffs' attorneys in the underlying state court proceeding were different from Plaintiffs' counsel in this case.

2

30:10–34:4.) Mr. McIntosh reported that Dorothy Walther did not provide him with her medical or financial records, as she felt that these were her private affairs. (Doc. 16-2, 15:3–6; Doc. 16-3, 7:7–12.) Plaintiffs' counsel did not object to this statement and told Judge Galluzzo that Dorothy Walther was not even in possession of the records. (*Id.* at 24:19–22, 37:21–38:2.) In fact, when Judge Galluzzo ordered that Dorothy Walther disclose these records (*id.* at 34:21–35:9), Plaintiffs successfully appealed that order. (*See* Doc. 16-8.) After Mr. McIntosh reported his findings to Judge Galluzzo's satisfaction, Judge Galluzzo discharged him without objection.[4] (Doc. 16-4, 41:20–44:23.) Judge Galluzzo ultimately denied Plaintiffs' motion to remove Patrick Walther as trustee based on the representations of Mr. McIntosh and Plaintiffs' expert witness. (*See* Doc. 16-4, 57:17–120:5; Doc. 16-5; Doc. 16-11.)

Plaintiffs then brought this suit against Mr. McIntosh and his law firm for breach of fiduciary duties, alleging that Mr. McIntosh made misrepresentations to the state court and committed perjury—including the statement that Dorothy Walther did not provide him with her medical and financial records. (Doc. 5, ¶¶ 35–39, 43–69.) Plaintiffs are represented by Phillips Paul O'Shaughnessy and John V. Colvin. Defendants moved for summary judgment (Doc. 17), which the Court granted on the ground of judicial immunity (Doc. 55). Defendants then moved for Rule 11 sanctions. (Doc. 52.) Plaintiffs and their counsel opposed. (Docs. 58–60.) Defendants replied. (Doc. 63.) The Court held a hearing on this matter on September 4, 2013. (Doc. 64.) This matter is now ripe for adjudication.

---

[4] Plaintiffs' state court counsel merely raised the issue that payment of fees should be worked out before Mr. McIntosh's discharge. (Doc. 16-4, 41:20–44:23.)

**STANDARDS**

Federal Rule of Civil Procedure 11 provides that sanctions may be imposed against a party who files a pleading that: (1) has an improper purpose; (2) has no reasonable legal basis; or (3) has no reasonable factual basis. Fed. R. Civ. P. 11; *see also Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989). The court must determine "whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). Rule 11 contemplates "some prefiling inquiry into both the facts and the law." Fed. R. Civ. P. 11 advisory committee's note. However, the aim of Rule 11 is to "deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Courts must inquire into: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). The reasonableness of an inquiry may depend on how much time was available for the inquiry, whether the attorney relied on a client for information, or whether the attorney depended on another lawyer. *Id.*

**DISCUSSION**

**I.   Frivolousness**

Defendants argue that there was no legal or factual basis for Plaintiffs' claims. (Doc. 52, p. 19.) Specifically, Defendants contend that there was no legal basis for the suit because, as the Court determined on summary judgment, *Boullion v. McClanahan*,

639 F.2d 213, 214 (5th Cir. 1981), was dispositive on the judicial immunity issue. (Doc. 52, pp. 19–22.) Defendants further aver that there was no factual basis for the allegation that Mr. McIntosh lied about not having received Dorothy Walther's medical and financial records, as Plaintiffs represented in the state court proceedings that the records were not in her possession to produce and appealed the state court's order directing disclosure of the records. (*Id.* at 22–23.)

Given that *Boullion* was in a bankruptcy context and that the other cases on which the Court relied in concluding that Mr. McIntosh was entitled to judicial immunity were also in the context of other kinds of court appointees (*see* Doc. 55, pp. 5–8), those cases did not definitively control the result in this one. The Court drew analogies from those cases and relied on their central ideas that: (1) when a court-appointed actor acts within the scope of his authority and pursuant to a judge's orders, he is protected; and (2) without judicial immunity, such actors would be chilled in accepting court-appointed roles and reporting their findings to the court. (*See id.*) Although such cases were highly analogous, they were nonetheless not directly controlling. Thus, the Court concludes that Plaintiffs' legal position was not completely frivolous. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 916 (11th Cir. 2003) (reversing district court's imposition of sanctions in part because there was a "paucity of controlling precedent" on the issue that the sanctioned party argued). Nonetheless, the Court considers the tenuousness of Plaintiffs' legal position to be a factor deserving of consideration.

As to factual sufficiency, Plaintiffs and their counsel contend that there was a sufficient factual basis for this case because Katherine Walther Bain's affidavit states that Mr. McIntosh did, in fact, receive Dorothy Walther's medical and financial records, contrary to Mr. McIntosh's representations in state court. (Doc. 59, pp. 2–4; Doc. 60,

5

pp. 8–9.) The Court finds this argument unpersuasive. Mr. McIntosh is a respected member of the legal community with a longstanding, unblemished record as a member of the bar. Indeed, he was appointed by Judge Galluzzo because of this reputation. (*See* Doc. 16-1, 15:22–16:4.) He was a stranger to the litigation and had no interest in its outcome. He was appointed without objection.[5] When he represented his findings to the state court, no one protested. Indeed, Plaintiffs' state court attorneys told Judge Galluzzo—consistent with Mr. McIntosh's representations—that Dorothy Walther did not have her medical and financial records, and they described the effort to obtain them as a "fishing expedition." (Doc. 16-3, 25:20–25.) After Judge Galluzzo was satisfied that Mr. McIntosh had carried out his duties, Judge Galluzzo asked if anyone objected to his discharge. No one did. Only after Judge Galluzzo ultimately declined to remove Patrick Walther as trustee did interested persons on the losing side of that ruling come out of the woodwork to claim that Mr. McIntosh committed perjury.

Mr. O'Shaughnessy represented at the hearing that the only factual investigation that he undertook regarding Mr. McIntosh's representations prior to bringing this lawsuit and throughout its pendency involved speaking with Katherine Walther Bain and other members of the Walther family. Plaintiffs' counsel had a duty to thoroughly investigate the facts before bringing this lawsuit in federal court accusing an exemplary member of the bar of perjury. The absence of objection to Mr. McIntosh's representations during the state proceedings and Plaintiffs' affirmative attempts to prevent the records disclosure should have been red flags to the attorneys to look more earnestly into the

---

[5] Though Mr. O'Shaughnessy stated multiple times at the hearing that the state court lacked legal authority to appoint Mr. McIntosh as a co-trustee with the power to investigate the handling of the trust, no one objected to his appointment at the time and that issue is not properly before the Court.

facts of this case. Under the totality of the circumstances, when faced with a single, self-interested affidavit and a mountain of contrary factual evidence—including the representations of Plaintiffs' own attorneys in the state proceedings—merely talking to trust beneficiaries and family members who were unhappy with Judge Galluzzo's decision was wholly insufficient. The Court finds that a reasonable lawyer would have undertaken a more thorough inquiry on this issue.

Additionally, Mr. O'Shaughnessy conceded at the hearing that the underlying probate dispute has been bitter and hotly contested. The acrimony of that dispute—in which siblings are pitted against each other and Plaintiffs have evinced their litigiousness by filing several other lawsuits related to the probate dispute in both Florida and California courts (*see* Doc. 19, p. 2; Doc. 52, p. 2)—should have similarly led counsel to conduct a more prudent inquiry into the factual basis for bringing this action. Considered as a whole, the tenuous nature of the legal basis for the claims, the litigiousness of Plaintiffs coupled with the acrimonious probate context of the dispute, the potential damage to the reputation of a dispassionate court-appointed lawyer, the inflammatory tone of the Complaint, and the lack of a sufficient factual inquiry would cause a reasonable lawyer to consider this action objectively frivolous. Therefore, the motion for sanctions will be granted.

**II.    Sanctions**

The United States Court of Appeals for the Eleventh Circuit utilizes a lodestar approach to calculate attorney's fees, whereby the court multiples the number of hours reasonably expended by a reasonable hourly rate. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The movant bears the burden of establishing reasonableness. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292,

7

1303 (11th Cir. 1988). The movant must exercise "billing judgment" to exclude fees for "excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The movant must also produce "satisfactory evidence" that the hourly rate requested comports with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299.

In their motion to determine the amount of taxable fees, Defendants state that they have expended $42,710.00 defending this lawsuit. (Doc. 76.) Mr. Lawton's rate is $225 per hour; Mr. Robinson's rate is $200 per hour; Ms. Connor's rate is $150 per hour; and Ms. Kennedy's paralegal rate is $100 per hour. (Docs. 76-1, 76-2.) The Court finds that these rates are exceedingly reasonable. *See Norman*, 836 F.2d at 1303 (noting that the court itself is an expert as to the reasonableness of attorney's fees). The Court will impose monetary sanctions in the amount equivalent to the work performed beginning with counsel's drafting of the May 14, 2013 Rule 11 notice to Plaintiffs' counsel. (*See* Doc. 76-1, p. 8.) The total amount that Defendants expended from that point forward was $28,945.00. (*Id.* at 8–21.) The Court finds that Rule 11's goal of effective deterrence would be effectuated by imposing sanctions in that amount. *See* Fed. R. Civ. P. 11(c)(4). Thus, the Court will award Defendants $28,945.00 in monetary sanctions from Plaintiffs' counsel.

The Court finds that it is appropriate to apportion the monetary sanctions such that Mr. O'Shaughnessy is responsible for the greater portion. In Mr. Colvin's response to Defendants' motion for sanctions, he stated that he was only local counsel for Plaintiffs and merely signed the Complaint because Mr. O'Shaughnessy had not yet been admitted in the Middle District of Florida. (Doc. 58.) He averred that Mr.

O'Shaughnessy did all of the substantive legal work (*id.*) and stated at the hearing that he relied on Mr. O'Shaughnessy's representations as to the veracity of the factual allegations. That Mr. Colvin depended on Mr. O'Shaughnessy's inquiry into factual and legal reasonableness is a mitigating factor for the insufficiency of his own inquiry. *See Worldwide Primates*, 87 F.3d at 1254. Mr. Colvin is still nevertheless responsible for signing and filing the original and amended complaints (Docs. 1, 5). *See* Fed. R. Civ. P. 11(b) (stating that by presenting to the court a pleading—"whether by signing, filing, submitting, or later advocating it"—an attorney certifies that it complies with Rule 11's requirements). Mr. O'Shaughnessy will therefore be responsible for 75% and Mr. Colvin will be responsible for 25% of the sanction. The Court holds counsel's law firms jointly responsible. *See* Fed. R. Civ. P. 11(c)(1).

Thus, the Court imposes sanctions on: (1) Phillips Paul O'Shaughnessy and his law firm Phillips P. O'Shaughnessy P.A. in the amount of $21,708.75, to be paid to Defendants Robert McIntosh, Esq. and Stenstrom McIntosh et al., P.A.; and (2) John V. Colvin and his law firm Mooney Colvin, P.L. in the amount of $7,236.25, to be paid to Defendants Robert McIntosh, Esq. and Stenstrom McIntosh et al., P.A.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Robert McIntosh, Esq. and Stenstrom, McIntosh, Colbert, Whigham & Partlow, P.A., Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Memorandum of Law (Doc. 52) is **GRANTED**.

2. Defendants', Robert McIntosh and Stenstrom McIntosh, et al., P.A., Motion to Determine Amount of Taxable Fees (Doc. 76) is **GRANTED**.

3. On or before November 29, 2013, Phillips Paul O'Shaughnessy and

9

Phillips P. O'Shaughnessy P.A. are **DIRECTED** to pay $21,708.75 to Defendants Robert McIntosh and Stenstrom McIntosh et al., P.A.

4. On or before November 29, 2013, John V. Colvin and Mooney Colvin, P.L. are **DIRECTED** to pay $7,236.25 to Defendants Robert McIntosh and Stenstrom McIntosh et al., P.A.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 4, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record