**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DOROTHY B. WALTHER; and
HOWARD WALTHER,

        Plaintiffs,

v.                                                  Case No. 6:13-cv-472-Orl-37GJK

STEVEN KANE, ESQ.; and KANE &
KOLTUN,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs' Amended Motion to Strike David Brennan Esq., as an Expert Witness and Incorporated Memorandum of Law (Doc. 121), filed March 6, 2014;

2. Defendants' Memorandum of Law in Opposition to Plaintiffs' Amended Motion to Strike David Brennan as Defendants' Expert (Doc. 125), filed March 18, 2014;

3. Defendants' Motion for Summary Judgment and Memorandum of Supporting Legal Authority (Doc. 131), filed April 30, 2014;

4. Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 151), filed June 23, 2014; and

5. Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 153), filed July 7, 2014.

**BACKGROUND**

Plaintiff Dorothy B. Walther is the income beneficiary of the James Walther Revocable Life Insurance Trust (the "Trust"). (Doc. 145, ¶ 12.) Plaintiff Howard Walther, her son, is a contingent remainderman beneficiary of the Trust. (*Id.* ¶ 13.) Another of Dorothy Walther's sons, Patrick Walther (the "Trustee"), has been the sole trustee of the Trust since 1994. (*Id.* ¶ 14; Doc. 133-1, p. 22.)

After a family dispute started in October 2009 resulting in threats of suit against the Trustee, the Trustee retained the services of Defendant Steven Kane, Esq. ("Kane"), and paid him with funds from the Trust to conduct overdue accountings. (*See* Doc. 145, ¶ 21; Doc. 134-1, pp. 79–81, 106–07, 117–18; *see also* Doc. 133-7, pp. 11–13 (describing the Trustee's initial engagement of Kane), p. 53 (stating that preparation of trust accountings began in November 2009), p. 79 (stating that Kane represented the Trustee in the fall of 2009), pp. 174–75 (describing payment of fees from funds of the Trust).) Kane never met the Plaintiffs (Doc. 133-7, pp. 146, 166);[1] he considered the Trustee to be his client (*id.* at 164–65); and the Trustee considered Kane to be his lawyer (Doc. 134-1, pp. 82–83; Doc. 133-3, p. 226). Plaintiffs engaged their own attorneys in Florida to represent their interests with respect to the Trust. (Doc. 133-1, pp. 15, 20, 24–25, 38, 44; Doc. 133-7, pp. 15, 166; Doc. 133-3, p. 226.)

Beginning in December 2009, Plaintiffs brought multiple suits in state court against the Trustee (Doc. 133-1, pp. 33–35, 47–48; Doc. 134-1, p. 73), including an action in 2010

---

[1] Howard Walther testified that in August 2010, he spoke to Kane on the phone and exchanged e-mails concerning Mr. Walther's requests for access to Trust records. (Doc. 133-1, pp. 40–42.) Howard Walther further testified that he did not ask for or receive legal advice from Kane. (*Id.* at 44.)

2

to remove the Trustee and require that he make income payments to Dorothy Walther from the Trust (the "State Court Action"). (Doc. 145, ¶¶ 15–16, 23.) Defendants represented the Trustee in the State Court Action (Doc. 133-7, pp. 77–78, 84, 122, 130–31, 169), and the state court approved payment of the Trustee's attorney fees from the Trust. (Doc. 133-1, p. 66; Doc. 16-7.) Despite the litigation, Plaintiffs contend that the Trustee "continues to disregard the fiduciary duties he owes the [T]rust and . . . Dorothy B. Walther." (Doc. 145, ¶¶ 31–33; *see also* Doc. 16-11 (providing order from state court denying motion to remove Trustee pending resolution of the State Court Action).)

Plaintiffs initiated this action on March 22, 2013 against Kane, the Kane Firm, Robert McIntosh, Esq. ("McIntosh"), and Stenstrom McIntosh, P.A. (the "McIntosh Firm"). (Doc. 1.) In an Order dated August 7, 2013, the Court granted summary judgment to McIntosh and the McIntosh Firm, and they were terminated as parties to this action.[2] (Doc. 55.) Thereafter, Plaintiffs filed a Third Amended Complaint asserting a breach of fiduciary duty claim against Kane (Count I) (Doc. 145, ¶¶ 35–39), and a respondeat superior claim against the Kane Firm (Count II) (*id.* ¶¶ 40–45). Plaintiffs demand recovery of all Trust funds paid to Defendants and punitive damages. (*Id.*)

Defendants moved for summary judgment (Doc. 131), Plaintiffs responded (Docs. 151–52),[3] and Defendants replied (Doc. 153). Plaintiffs filed a motion to strike Defendants' expert witness (Doc. 121), and Defendants responded (Doc. 125). The

---

[2] The Court also adjudged Plaintiffs' attorneys liable for sanctions for asserting frivolous claims against McIntosh and the McIntosh Firm. (Doc. 82.) Plaintiffs appealed (Docs. 89–91), and the U.S. Court of Appeals for the Eleventh Circuit affirmed this Court's decision.

[3] Plaintiffs' counsel withdrew from their representation of Plaintiffs, and Plaintiffs are now proceeding pro se. (Docs. 113, 115, 138, 146.)

3

matter is now ripe for adjudication by the Court.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "There can be no 'genuine issue as to any material fact,' when there is a complete failure of proof concerning an essential element of the nonmoving party's case." *Kahama VI, LLC v. HJH, LLC*, No. 8:11-cv-2029-T-30TBM, 2014 WL 521085, at *2 (M.D. Fla. Feb. 10, 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A dispute about a material fact is 'genuine,' when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

To defeat a motion for summary judgment, the nonmoving party must "come forward with specific factual evidence sufficient to establish the existence of each element essential to his claim on which he will bear the burden at trial." *Coleman v. Miller*, 117 F.3d 527, 529 (11th Cir. 1997). The nonmoving party must "go beyond the pleadings," *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006), and present "more than mere allegations" *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("The evidence presented cannot consist of conclusory allegations or legal conclusions."). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

**DISCUSSION**

Both of Plaintiffs' claims require them to establish a breach of fiduciary duty owed to Plaintiffs by Kane. (Doc. 145, ¶¶ 35–45.) In Florida, the "elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). "If a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and a trust accepted by the other)," that is sufficient to establish the existence of a fiduciary duty. *Quinn v. Phipps*, 113 So. 419, 421 (Fla. 1927). "Moreover, '[a] fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation.'" *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002) (quoting Restatement (Second) of Torts § 874 cmt. a (1979)).

Defendants move for summary judgment on Plaintiffs' breach of fiduciary duty claims on the ground that Kane owed no duty to Plaintiffs under Florida law—fiduciary or otherwise. (Doc. 131, p. 3.) Defendants point to record evidence that Kane "was retained solely by [the Trustee], to assist with the preparation of trust accounting documents and to defend" the Trustee against Plaintiffs' threats of suit and the State Court Action. (*See* Doc. 131, pp. 1–2; Doc. 153, pp. 9–10; *see also supra*, pp. 2–3 (providing summary of record evidence).) Plaintiffs have not submitted or cited contrary record evidence. (*See* Doc. 152.) Rather, Plaintiffs simply recite the allegations of their Third Amended Complaint, and they argue that the "fiduciary duty" exception to a trustee's assertion of the attorney-client privilege somehow establishes a duty owed to them by Kane for purposes of a fiduciary duty claim. (*See id.*)

5

Plaintiffs' argument fails for several reasons. Importantly, Plaintiffs rely on a case from a Delaware state court that no Florida court has cited for the proposition that an attorney retained by a trustee may be liable to the trust beneficiaries for breach of fiduciary duty. (*See id.* (citing *Riggs Nat'l Bank of Washington, D.C. v. Zimmer*, 355 A.2d 709, 711 (Del. Ch. 1976)).) Indeed, the few Florida cases citing the *Riggs* decision declined to apply the fiduciary duty exception where the evidence indicated that the trustee—not the beneficiaries of the trust—was the attorney's client. *See Barnett Banks Trust Co., N.A. v. Compson*, 629 So. 2d 849, 851 (Fla. 2d DCA 1993) (rejecting trust beneficiary's arguments).[4] Further, the Florida has enacted legislation explicitly rejecting the fiduciary duty exception. Fla. Stat. § 90.5021(2) ("[O]nly the person or entity acting as a [trustee] is considered a client of the lawyer."). Thus, Plaintiffs' legal argument fails. Plaintiffs' failure to submit or cite any evidence or to go beyond their initial allegations also supports entry of summary judgment in favor of Defendants. *See Avirgan*, 932 F.2d at 1577.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion for Summary Judgment and Memorandum of Supporting Legal Authority (Doc. 131) is **GRANTED**.

2. Plaintiffs' Amended Motion to Strike David Brennan Esq., as an Expert Witness (Doc. 121) is **DENIED AS MOOT**.

---

[4] *See also Tripp v. Salkovitz*, 919 So. 2d 716, 718–19 (Fla. 2d DCA 2006) (requiring in camera inspection of documents to determine which documents concerned attorney's representation of trustee versus his representation of the trust); *Hooper v. UNUM Life Ins. Co. of Am.*, No. 5:11-cv-624-Oc-10TBS, 2012 WL 1415585, at *2 (M.D. Fla. Apr. 24, 2012) (noting that the fiduciary duty exception does not apply if the interests of the beneficiaries and the trustee "have diverged" such that the trustee is defending himself against the beneficiaries).

3. The hearing scheduled for July 29, 2014 is **CANCELLED**.

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendants Steven Kane, Esq. and Kane & Koltun and against Plaintiffs Dorothy B. Walther and Howard Walther.

5. The Clerk is further **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 24, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

7